**Gurpreet SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70304.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

Olumide K. Obayemi, Esq., Oakland, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, James E. Grimes, Esq., Mark C. Walters, Esq., Ethan B. Kanter, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Gurpreet Singh, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

The BIA found that the inconsistencies in Singh's testimony coupled with the forensics report questioning the authenticity of Singh's documentary evidence undermine his asylum claim. The record does not compel a contrary conclusion. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004) (concluding that petitioner's submission of fraudulent documents supported adverse credibility finding); *see also INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Singh failed to satisfy the standard of proof for asylum eligibility, he also failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Singh's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

